## AMERICAN STATES INSURANCE COMPANY, Plaintiff,

v.

## PIONEER ELECTRIC COMPANY and American Lighting and Signalization, Defendants.

### No. 96–1723–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 12, 2000.

---

Ronald Lee Kammer, Hinshaw & Culbertson, Miami, FL, for plaintiff.

Dennis James Murphy, Kubicki Draper, Miami, FL, for defendant.

## ORDER

MOORE, District Judge.

THIS CAUSE came before the Court upon American States Insurance Company's Motion for Final Summary Judgment (DE # 18), Second Motion for Final Summary Judgment (DE # 38), Third Motion for Final Summary Judgment (DE # 64); and American Lighting and Signalization's Cross–Motion for Summary Judgment (DE # 75).

UPON CONSIDERATION of the Motion, responses, materials submitted, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

According to the facts, American States Insurance Company ("American States") negotiated a contract of insurance, policy number 01–CD–18692–2, with Pioneer Electric Company ("Pioneer Electric"), effective from May 1, 1993 through May 1, 1994. Pioneer Electric and American Lighting and Signalization ("ALS") subsequently entered into a subcontract, pursuant to which Pioneer Electric was to perform traffic and signalization work in Dade County, Florida under ALS's contract with the Florida Department of Transportation ("DOT").

The subcontract provided in relevant part as follows:

VII. To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless the Owner and Contractor, and their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of the work covered by this contract, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease, or death, or to

injury to or destruction of tangible property (other than the work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of Subcontractor, or anyone directly or indirectly employed by Subcontractor, or anyone for whose acts Subcontractor may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Paragraph or elsewhere in this Subcontract. In addition, Subcontractor shall indemnify and fully defend Contractor with regard to any legal or administrative action (including arbitration) brought by any third party against contractor whether real or alleged, and whether or not negligence, action or inaction on the part of Contractor is alleged, and to pay all costs, including reasonable legal fees, connected therewith, and judgment which might be rendered against Contractor.

VIII. Subcontractor shall be solely responsible for the actions or inactions of its officers, employees, agents or assigns, and shall indemnify and hold contractor harmless from all liabilities arising therefrom.

Subcontractor represents that it is familiar with the provisions of the General Contract regarding insurance. Prior to commencing work, insurance, listed as follows:

> Workmen's Compensation, Liability, & Automobile Insurance *Please have the Project # (87100–3576) on the Cert. Of Ins.*

or in an amount at least equal to the amount and type required to be carried by the Contractor in the General Contract (whichever is greater) shall be obtained and carried by Subcontractor from a company/companies satisfactory to Contractor throughout the term of the Subcontract. Subcontractor shall cause such policies to name Contractor

as an additional insured. Additionally, if the General Contractor requires that the Owner be carried as an additional insured on Contractors' insurance policies, then owner and Contractor shall be additional insured on the insurance required to be carried by Subcontractor.

As indicated above, under Paragraph 8 of the subcontract, Pioneer Electric was required to obtain workers' compensation insurance for its employees, to obtain commercial general liability insurance, to name ALS as an additional insured under its commercial general liability insurance policy, and to maintain both insurance policies during the period of the subcontract.

On September 2, 1993, Pioneer Electric was informed by its workers' compensation insurance carrier that its workers' compensation insurance would be terminated on October 2, 1993 for nonpayment of the premium. Pioneer Electric's workers' compensation insurance was subsequently canceled; however, Pioneer Electric failed to notify ALS during the subcontract period that its workers' compensation coverage had been terminated.

On October 20, 1993, Agustin Lleras, an employee of Pioneer Electric, allegedly suffered an injury in the course of his employment, making him eligible to receive workers' compensation benefits from his employer under the Florida Workers' Compensation Act. As the statutory employer of Mr. Lleras, ALS incurred workers' compensation costs related to the injury.

On February 20, 1996, ALS filed suit against Pioneer Electric, alleging that Pioneer Electric has an obligation to indemnify ALS for the money that it paid the injured Pioneer Electric employee. The Amended Complaint filed by ALS against Pioneer Electric contains seven counts.

Count I of the Amended Complaint is based on a claim for statutory indemnity from Pioneer Electric for benefits, costs and fees incurred by ALS in extinguishing its liability for payment of workers' com-

pensation benefits to Pioneer Electric's employee under Florida Statute § 440.10(1)(b)(1).

Count II is a claim for breach of contract for Pioneer Electric's failure to maintain workers' compensation insurance in effect during the subcontract period pursuant to Pioneer Electric's contract with ALS.

Count III is a claim for negligent misrepresentation regarding representation of the status of Pioneer Electric's workers' compensation insurance during the subcontract period.

Count IV is a claim for fraudulent misrepresentation based upon alleged misrepresentations made by Pioneer Electric concerning the status of its workers' compensation insurance.

Count V is a claim for contractual indemnity under Paragraph 7 of the DOT subcontract.

Count VI is a claim for common law indemnity based upon ALS's vicarious constructive, derivative, and technical liability for payment of benefits which by right should have been discharged by Pioneer Electric.

Count VII is a claim for equitable subrogation, seeking repayment of amounts paid by ALS in workers' compensation benefits, costs, and fees which, according to ALS, should have been satisfied by Pioneer Electric.

Immediately after learning of ALS's suit against Pioneer Electric, American States brought this declaratory judgment action in order to determine its rights and obligations under the contract of insurance between American States and Pioneer Electric.

## I. Arguments of American States

American States asserts that it does not owe a duty to defend or indemnify Pioneer Electric for three primary reasons. To begin, American States asserts that it is free from any obligations arising from ALS's claim because the allegations of ALS's Amended Complaint allege econom-

ic loss, rather than an occurrence, property damage, or bodily injury—as required by its insurance policy with Pioneer Electric. American States notes that ALS's suit against Pioneer Electric is a breach of contract action, arising from Pioneer Electric's failure to name ALS as an additional insured under its insurance policy with American States, and failure to pay an insurance premium for workers' compensation insurance policy.

American States further argues that Pioneer Electric never tendered the defense of ALS's action to American States. American States claims that not only did Pioneer Electric never request a defense, but Pioneer Electric consistently refused to respond to American States' requests to discuss the matter, and otherwise failed completely to cooperate with American States. As evidence for this, American States notes that it first learned about ALS's suit when ALS sent a copy of its complaint to American States. Accordingly, American States argues that it cannot now be held liable for an outcome that may have been significantly different had it been given the opportunity to participate in the investigation, settlement, or defense of ALS's claim and suit.

Finally, it is asserted by American States that Pioneer Electric's insurance policy with American States contains a provision that excludes from coverage any damages arising from obligations of Pioneer Electric under workers' compensation laws. According to American States, because ALS's duty to defend or settle the injured employee's claims arose under Florida's Workers' Compensation Law, Pioneer Electric's obligation to indemnify ALS arises under Florida's workers' compensation laws and therefore would not be covered by its insurance policy with American States.

## II. Claims of ALS

ALS claims that American States cannot base a denial of coverage on Pioneer Electric's failure to cooperate. This is due to

the fact that American States did not make any efforts to investigate the basis of ALS's claim against Pioneer Electric other than requests for information that were forwarded to Benjamin Cottrell, an agent of Pioneer Electric. Most of these requests, according to ALS, were forwarded to Mr. Cottrell after a default had been obtained against Pioneer Electric in this action.

Further according to ALS, American States appointed Amy Triggs as counsel to represent Pioneer Electric in the suit brought by ALS. In addition, American States allegedly informed Pioneer Electric that if Amy Triggs was acceptable, it need not respond to American States.

ALS claims that American States exercised its right to defend the suit between ALS and Pioneer Electric in March 1996, when American States forwarded to Pioneer Electric its initial reservation of rights letter. Accordingly, ALS claims that Pioneer Electric had no need to tender a defense, because Pioneer Electric had been advised that they were already being represented by American States.

ALS asserts that American States did not contact ALS's counsel in an attempt to obtain verifiable information regarding the original workers' compensation case, or the factual basis for the complaint brought by ALS against Pioneer Electric. Furthermore, ALS alleges that in attempting to seek and obtain cooperation of Pioneer Electric in the suit brought by ALS, American States proceeded on a course of action with the sole intent of trying to establish a lack of cooperation as a potential viable defense in the instant action. In essence, ALS argues that once the clerk's default in the instant action was entered against Pioneer Electric, any attempts by American States to obtain cooperation from Pioneer Electric amounted to a farce.

On the issue of the workers' compensation exclusion, ALS asserts that the workers' compensation exclusion of the policy between American States and Pioneer Electric conflicts with other policy provisions that specifically include coverage over the claims at issue. It argues that the subcontract between Pioneer Electric and ALS is an insured contract under the policy, thus providing contractual liability coverage for Pioneer Electric. ALS asserts that in the absence of such coverage, there would be an exclusion of coverage for bodily injury to an employee of an insured arising out of and in the course of employment by the insured, whether the insured may be liable as an employer or in any other capacity and for any obligation to share damages with or to repay someone else who is responsible for paying damages arising from the injury.

However, according to ALS, because this is an insured contract, this exclusion does not apply, thereby providing coverage for bodily injury to an employee of the insured arising out of and in the course of the injured employment with Pioneer Electric. ALS asserts that this provision, which provides coverage, clearly conflicts with the exclusion for workers' compensation obligations. Accordingly, ALS argues that the policy is ambiguous and must be construed against American States in favor of ALS, requiring a finding of coverage for the claim at issue.

Finally, ALS asserts that the argument of American States that the claim at issue would not be covered because it is not a claim for "bodily injury" is without merit, due to the fact that the occurrence which gave rise to the claim was, in fact, a bodily injury.

## DISCUSSION

### I. Summary Judgment Standard

The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. *See Twiss v. Kury,* 25 F.3d 1551, 1554 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Id.*

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *See id.* However, the non-moving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Rule 56(e), Fed.R.Civ.P. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Anderson,* 477 U.S. at 254, 106 S.Ct. 2505.

If the non-movant fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding for the non-movant, summary judgment may be granted. *See id.* at 254–55, 106 S.Ct. 2505.

Additionally, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See id.*

## II. Claim for Bodily Injury or Property Damage Arising Out of an Occurrence

█ American States denies any obligation to cover the damages sought by ALS on account of the fact that ALS's Amended Complaint does not allege bodily injury or property damage caused by an occurrence as defined by the American States policy. Rather, American States asserts that the ALS claim seeks damages for breach of contract due to Pioneer Electric's failure to fulfill contractual obligations as set forth within the DOT subcontract. This, according to American States, is not covered by its policy with Pioneer Electric. The Court agrees.

The American States policy contains the following relevant provisions:

**SECTION I—COVERAGES**

**Coverage A. Bodily Injury and Property Damage Liability.**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking

those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \* \* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) the "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" . . . .

\* \* \* \* \* \*

## SECTION V—DEFINITIONS

9. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

In view of the Amended Complaint, the Court finds that ALS's state court claims arose from an economic loss. While the injury to Mr. Lleras did give rise to liability on the part of ALS for workers' compensation payments, this injury is not at issue in the claims that ALS has brought against American States. Rather, as American States has properly indicated in its Motions for Final Summary Judgment, ALS seeks indemnity for economic losses. Specifically, ALS's underlying Amended Complaint seeks the recovery of money that it became obligated to pay due to Pioneer Electric's breach of certain contractual obligations. Accordingly, the Court finds that American States is under no obligation to provide indemnity for ALS.

## III. Cooperation

■ The Court observes that American States is further shielded from indemnification of ALS due to Pioneer Electric's refusal to request a defense from American States, or otherwise to cooperate with American States in investigating, settling, or defending against ALS's lawsuit.

The record reflects a lengthy and undisputed series of efforts on the part of American States to contact Pioneer Electric in order to provide a defense if such a defense was desired by Pioneer Electric. The record also reflects that Pioneer Electric failed to avail itself of the assistance of American States, and thereby abandoned its right to a defense by American States.

Because American States was unable to defend Pioneer Electric, it cannot now be held responsible for indemnifying ALS. *See, e.g., Hartford Accident & Indemnity Co. v. Gulf Ins. Co.,* 776 F.2d 1380 (7th Cir.1985) ("The defense obligation is triggered when the insured tenders the defense of an action against it which is potentially within the policy coverage.") (quoting *Solo Cup v. Federal Ins. Co.,* 619 F.2d 1178, 1183 (7th Cir.1980)). ˙

## IV. Workers' Compensation Exclusion

■ As to American States' claim that it is entitled to final summary judgment on the basis of the workers' compensation exclusion in the insurance policy at issue, the Court again agrees. Under *Florida Ins. Guaranty Assoc. v. Revoredo,* 698 So.2d 890 (Fla.App.3d Dist.1997), Florida Statutes § 440.10(1) does not make the statutory employer-employee relationship contingent on the securing of workers' compensation for an employee. "Rather, it is the creation of the statutory employer-employee relationship that establishes the employer's duty to secure compensation." *Id.* Accordingly, the workers' compensation exclusion may exclude coverage in this case, regardless of whether the subcontract between ALS and Pioneer Electric is an insured contract.

## CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that summary judgment is hereby entered for American States as follows:

(1) American States' Motions for Final Summary Judgment (DE # 18, DE # 38, DE # 64) are GRANTED.

(2) American Lighting and Signalization's Cross–Motion for Summary Judgment (DE # 75) is DENIED.

THIS CASE is DISMISSED. The Clerk of Court is directed to mark this case CLOSED, and all other motions not otherwise ruled upon herein are DENIED as moot.