United States Court of Appeals,

Eleventh Circuit.

No. 96-6593.

Gheila ALLEN, Plaintiff-Appellant,

v.

TYSON FOODS, INC., a corporation, and Trivis Wood, individually, Defendants-Appellees.

Sept. 10, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. 95-PT-1909-5), Robert B. Propst, Judge.

Before TJOFLAT and BARKETT, Circuit Judges, and HOWARD[*], Senior District Judge.

HOWARD, Senior District Judge:

Gheila Allen appeals the district court's grant of summary judgment in favor of defendant Tyson Foods, Inc., the dismissal with prejudice of all federal claims, and the dismissal without prejudice of the supplemental state law claims. Because we find that genuine issues of material fact exist in this action, we reverse the district court and remand this action for further proceedings.

*BACKGROUND*

Tyson is a national food processing company with a poultry processing plant located in Blountsville, Alabama. Tyson has a policy against sexual harassment. Plaintiff began working at the Blountsville plant in 1989. In March of 1994, she was transferred to production and began working in the rehang department where defendant Wood was a supervisor. Supervisors are the lowest ranked managerial employees at Tyson. Plaintiff offered evidence that, while working under Wood, Wood wrote her sexually explicit notes, solicited sexual favors from plaintiff, and improperly touched plaintiff on one occasion. Evidence was also offered that Wood had sent similar notes with graphic sexual references to other employees of Tyson and that he often told sexually explicit jokes to employees at the plant. Plaintiff also offered evidence that other employees at the plant were aware of Wood's alleged harassment of plaintiff. The record also contains evidence that other

[*]Honorable Alex T. Howard, Jr., Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

employees at the plant, including other supervisors, were aware that Woods had harassed other female employees.

Plaintiff produced evidence indicating that the Blountsville plant was engulfed by an atmosphere of improper sexuality. There was evidence showing that employees, including supervisors, engaged in sexual intercourse at the plant, that sexually graphic jokes were often told throughout the plant, that vulgar and sexually demeaning language was engaged in, that employees groped one another's breasts and genitalia, that employees exhibited their genitalia and buttocks, and that employees used various chicken parts to mimic sexual organs and activities. The evidence suggested that such activities were widely known throughout the plant.

At first, plaintiff allegedly believed that Wood was joking with her when he wrote her notes and did nothing to stop the harassment. With the fourth note, however, plaintiff contends that she asked Wood to stop giving her the harassing correspondence. After receiving a fifth sexually explicit note, plaintiff gave Wood a letter threatening legal action if he continued the harassment. Plaintiff had never complained to anyone at Tyson about her alleged harassment before this time. Wood returned the letter to plaintiff and reported plaintiff's complaint to his superintendent. Tyson management then initiated an investigation into the matter. Plaintiff contends that she was intimidated and harassed by Wood and other Tyson employees during the investigation. The company could not verify plaintiff's complaint and so no action was ultimately taken against Wood. At her request, however, Allen was transferred to another department. Plaintiff alleged that she was continually exposed to Wood after her transfer and that Wood continued to intimidate her. Consequently, Allen quit going to work and was terminated for her absence.

*PROCEDURAL HISTORY*

After her termination, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received a notice of right to sue. Plaintiff then timely filed suit against the defendants in the United States District Court for the Northern District of Alabama. Plaintiff's complaint brought claims for legal and equitable relief under Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e, *et seq.,* the equal protection clause of the United States Constitution, the tort of outrage, invasion of privacy, negligent hiring and supervision and constructive discharge. Plaintiff later amended her complaint to bring state claims for assault and battery and sexual harassment. The defendants separately filed motions for summary judgment to which the plaintiff filed an opposition. In her opposition to the motions, plaintiff voluntarily withdrew her claims under the equal protection clause against both defendants and withdrew her Title VII claim against Wood.

On April 23, 1996, the district court granted defendant Tyson's motion for summary judgment and dismissed with prejudice the federal claims against Tyson. The supplemental state law claims against both defendants were dismissed without prejudice. In his memorandum opinion, the district court found that plaintiff's Title VII claim against Tyson bordered on the frivolous. The court focused on the fact that plaintiff had failed to complain to Tyson personnel of the alleged harassment. The court opined that the emphasis under Title VII should be on the curtailment of sexual harassment rather than on delay, damages and attorney fees and that the employer must be given the opportunity to cure the harassment before a lawsuit can be filed. Also, the court failed to find that there were no genuine issues of material fact.

Plaintiff subsequently filed a motion to alter, amend or vacate the district court's dismissal of the action which was denied by the district court. In its opinion on the motion, the district court again failed to find that there was an absence of genuine issues of material fact in the action and explained that it did not reach the issue of whether the evidence was sufficient to establish that the plaintiff was the victim of hostile environment, sexual harassment. While not approving of the alleged conduct at issue, the court took the position that employees could not merely "lie in wait to file lawsuits," but, instead, had to cooperate in the implementation of the employer's sexual harassment policy. Plaintiff subsequently filed her notice of appeal of the district court's decisions.

*DISCUSSION*

STANDARD OF REVIEW

This Court reviews the district court's grant of summary judgment *de novo,* applying the same standards used by the district court. *Killinger v. Samford Univ.,* 113 F.3d 196, 198 (11th Cir.1997). Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Tipton v. Bergrohr GMBH-Siegen,* 965 F.2d 994, 998 (11th Cir.1992). "It is "genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.*

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251, 252, 106 S.Ct. at 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir.1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985)).

Once the movant, here, the defendant, satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with "specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538

(1986) (quoting FED.R.CIV.P. 56(e)) (emphasis omitted). Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). "A mere "scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party". *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990) (citing *Anderson,* 477 U.S. 242, 106 S.Ct. 2505.) "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton,* 965 F.2d at 998 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). " "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " *Tipton,* 965 F.2d at 999 (quoting *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513 (citing *Adickes,* 398 U.S. at 158-159, 90 S.Ct. at 1608-1609)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)) (internal quotation marks omitted).

## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

A plaintiff can establish a violation of Title VII by proving that sexual discrimination has created a hostile or abusive work environment. *Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 66, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986). The United States Supreme Court has explained: "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (citing *Vinson,* 477 U.S. at 65, 67, 106 S.Ct. at 2405) (internal quotation marks omitted). Moreover, the Court noted that, "whether an environment is "hostile' or "abusive' can be determined only by looking at all the circumstances." *Harris,* 510 U.S. at 23, 114 S.Ct. at 371. An employer is directly liable for hostile environment sexual harassment if it knew, or reasonably should have known, of the harassment and failed to take prompt remedial actions. *Faragher v. City of Boca*

*Raton,* 111 F.3d 1530, 1535, 1538 (11th Cir.1997) (*en banc*); *Steele v. Offshore Shipbuilding, Inc.,* 867 F.2d 1311, 1316 (11th Cir.1989); *Henson v. City of Dundee,* 682 F.2d 897, 905 (11th Cir.1982).

A plaintiff can prove that the employer had knowledge of the harassment by showing that she complained to higher management or by showing that the harassment was so pervasive that the employer can be charged with constructive knowledge of the harassment. *Faragher,* 111 F.3d at 1538; *Huddleston v. Roger Dean Chevrolet, Inc.,* 845 F.2d 900, 904 (11th Cir.1988). The question of constructive knowledge is an issue of fact. *Faragher,* 111 F.3d at 1538, *Reich v. Department of Conservation and Natural Resources, Alabama,* 28 F.3d 1076, 1082 (11th Cir.1994). Moreover, "a court must evaluate the totality of the circumstances both in determining whether the work environment was abusive and in determining whether the conduct was pervasive enough to put the employer on notice." *Faragher,* 111 F.3d at 1538. In the instant action, plaintiff initially failed to complain of the harassment. When she did complain, Tyson took immediate action although a dispute exists as to how effective that action was. Therefore, for Tyson to be liable under Title VII for hostile environment sexual harassment, the alleged harassment must have been so pervasive that Tyson is deemed to have constructive knowledge of it.

The Supreme Court has provided a non-exclusive set of factors to consider in determining whether an environment is hostile. "These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23, 114 S.Ct. at 371. In determining whether harassment is so pervasive as to provide the employer with constructive knowledge, this Court recently held that, "[t]he question of notice to the employer is distinct from the question of the environment's abusiveness." *Faragher,* 111 F.3d at 1538. However, there may be cases where the same level of pervasiveness supports a finding of both a hostile environment and constructive notice. *Id.* n. 10. Some factors that this Court has considered in determining whether harassment was so pervasive as to provide constructive notice to an employer are: the remoteness of the location of the harassment as compared to the location of

6

management; whether the harassment occurs intermittently over a long period of time; whether the victims were employed on a part-time or full-time basis; and whether there were only a few, discrete instances of harassment. *Id.* at 1538.

The record of this action contains evidence which suggests that an atmosphere of inappropriate sexual behavior may have permeated the Tyson Blountsville plant. There is also evidence in the record indicating that on numerous occasions Wood engaged in harassing behavior against this defendant as well as against other Tyson employees and indicating that Wood often behaved in a generally inappropriate sexual manner. Viewing the evidence in the light most favorable to the plaintiff, we hold that genuine issues of material fact exist as to the abusiveness of the Tyson plant atmosphere.

While the Court expresses no opinion on whether the evidence is strong enough to actually show that a hostile environment existed at Tyson or that the harassment was so pervasive as to provide Tyson with constructive knowledge of the harassment, the Court holds that the evidence is sufficient to create a genuine issue of material fact precluding summary judgment. In focusing on its own concerns regarding sexual harassment claims, the district court failed to address the important issue of whether the plaintiff was subject to hostile environment, sexual harassment. The district court likewise neglected to determine whether Tyson can be deemed to have constructive knowledge of the harassment if such harassment is found to have existed. Without finding an absence of genuine issues of material fact on the plaintiff's claim of hostile environment, sexual harassment, summary judgment was improper.

The district court only considered the federal claims against defendant Tyson in disposing of this action and no federal claims were stated against defendant Wood. Consequently, the district court dismissed the remaining supplemental state law claims against the defendants without prejudice after disposing of the federal claims. The record does not support the district court's dismissal of the federal law claims, and the dismissal of the supplemental state law claims should also be reversed for further consideration by the district court.

7

*CONCLUSION*

As explained above, at the summary judgment stage of the action, the court must construe all evidence and inferences in the light most favorable to the nonmoving party. Here, evidence was presented which demonstrates a genuine issue of fact concerning whether plaintiff worked in a hostile environment and, if so, whether the harassment was so pervasive as to provide the employer with constructive knowledge of the harassment. Therefore, summary judgment was improper in this instance. Accordingly, we REVERSE and REMAND this action for further proceedings.