**POLO RALPH LAUREN, L.P. and Polo Ralph Lauren Corporation f/u/b/o General Accident Insurance Company, Plaintiff,**

v.

**TROPICAL SHIPPING & CONSTRUCTION CO., LTD., Defendant.**

**No. 97–1720–CIV.**

United States District Court, S.D. Florida, Miami Division.

July 24, 1998.

William E. Cassidy, Miami, FL, for Plaintiff.

William R. Boeringer, Hayden & Milliken, Coral Gables, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Partial Summary Judgment (DE # 24).

UPON CONSIDERATION of the motion, responses, materials submitted, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

The following facts are undisputed for purposes of ruling on this motion: Plaintiff Polo Ralph Lauren, L.P. ("Polo") hired Drusco, Inc. ("Drusco") to arrange for a certain amount of fabric to be transported from Miami, Florida to the Dominican Republic, assembled into finished clothing and then shipped back to Miami. Drusco arranged for Defendant Tropical Shipping & Construction Co., Ltd. ("Tropical") to ship the finished clothing from the Dominican Republic to Miami. Two bills of lading issued by Tropical indicate that two containers were loaded onto Tropical's ship for shipment back to Miami. The bills of lading identify Ropas Industriales and American Apparel Associates as the shippers and Drusco as the consignee of the shipments. There is no mention of Polo on either bill of lading or on the commercial invoices issued to Drusco by Ropas or American Apparel. Upon the return voyage to Miami, one container was lost overboard causing a total loss of the clothing contained in the container.

Polo brings this action against Tropical seeking to recover damages for the clothing lost in the container. Polo filed a three-count complaint arguing bailment (Count I), negligence (Count II) and breach of contract (Count III). Polo argues it is a third party beneficiary of the bills of lading between Drusco and Tropical because Polo, as the owner of the lost goods, is the real party in interest. Polo claims that in accordance with the Carriage of Goods by Sea Act, 46 U.S.C.App. § 1300 *et seq.* ("COGSA"), it is entitled to the wholesale value of the goods in Miami which amounts to $179,916.25 (plus additional fees). Tropical filed a motion for summary judgment arguing that Polo was not a party to any contract with Tropical and that Tropical is not liable to Polo for any damages. In the alternative, Tropical argues that the true amount of damages should be limited to $35,155.25, the value of the goods as stated by Drusco.

## DISCUSSION

### I. Summary Judgment Standard

The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. *See Twiss v. Kury,* 25 F.3d 1551, 1554 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.*

In applying this standard, the district court must view the evidence and all factual

inferences therefrom in the light most favorable to the party opposing the motion. *Id.* However, the non-moving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Rule 56(e), Fed.R.Civ.P. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513. If the non-movant fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding for the non-movant, summary judgment may be granted. *Id.* 477 U.S. at 254–55, 106 S.Ct. at 2513–14.

Additionally, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.*

## II. Third–Party Beneficiary

As the basis for its claims against Tropical, Polo argues it is a third party beneficiary of the contract between Tropical and Drusco. Parties to a contract may create rights in a third-party beneficiary "by mani-festing an intent to do so." *Beverly v. Macy,* 702 F.2d 931 (11th Cir.1983). The determination of intent is the crucial element and third parties may sue on the contract only if the contract was intended for their direct benefit rather than merely their incidental benefit. *Id.* Although an intended beneficiary need not be identified when the contract is made, the key inquiry is whether the claimant was intended to be benefitted by the contract provision in question. *Id.* In this case, there is no evidence of any relationship between Tropical and Polo and no indication anywhere that the goods in the container belonged to, or were destined for, Polo. The contracts in question are the two bills of lading issued by Tropical to Drusco. The bills of lading make no mention of Polo, do not express any intent to benefit Polo and there is no evidence that Tropical and Drusco, in entering into the contract, intended to directly benefit Polo. The bills of lading simply show that Tropical was to ship the goods for the benefit of Drusco. Although Polo was the intended recipient of some of the goods in the container, there is no evidence that Tropical had any knowledge of this fact. Based on the undisputed facts, the Court finds that Tropical and Drusco did not "clearly manifest an intent" to directly benefit Polo. As a result, Polo cannot claim third-party beneficiary status and thus cannot state a claim against Polo for breach of contract. Accordingly, Tropical's motion for partial summary judgment is granted and Polo is not entitled to any damages.

## III. Carriage Of Goods By Sea Act

There is an additional dispute between the parties whether the motion for partial summary judgment applies only to the breach of contract claim or applies to the additional claims for bailment and negligence. Polo argues that the present motion applies only to the breach of contract claim and any ruling for Tropical should not affect the bailment and negligence causes of action. Tropical argues that this action arises exclusively under COGSA and any other causes of action are barred. The Court agrees with Tropical.

It is undisputed that this action arises under COGSA. COGSA governs ev-

**1348**

ery bill of lading that evidences a contract for the carriage of goods by sea in foreign commerce to or from the United States. 46 U.S.C.App. § 1300. In addition, the bills of lading at issue in this case specifically indicate they are subject to COGSA. As a result, Polo's remedy, if any, falls under COGSA. Courts, including this Court, have held that COGSA "provides an exclusive remedy, barring all other theories of liability, including theories of bailment and negligence." *St. Paul Fire & Marine v. Marine Transp. Svcs.*, 727 F.Supp. 1438, 1442 (S.D.Fla.1989); *see also Deel Sales, Inc. v. Seaboard Marine, Ltd. et al.*, Case No. 92–2608 (S.D.Fla. Oct. 12, 1993). Accordingly, the Court finds that because Polo's sole remedy exists under COGSA, Tropical is entitled to summary judgment as to Counts I and II of Polo's complaint.

## CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that Tropical's Motion for Partial Summary Judgement is GRANTED. Polo is not entitled to any damages. It is further ORDERED AND ADJUDGED that Tropical is entitled to summary judgment as to Counts I and II of Polo's complaint.

The Clerk of Court shall mark this case CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT.