**MIZNER TOWER CONDOMINIUM ASSOCIATION, INC., Plaintiff,**

v.

**QBE INSURANCE CORPORATION, Defendant.**

**No. 07–80910–CIV.**

United States District Court, S.D. Florida.

Jan. 15, 2008.

Daniel S. Rosenbaum, John Marcus Siracusa, Tatiana B. Yaques, Becker & Poliakoff, P.A., West Palm Beach, FL, for Plaintiff.

Patrick Edward Betar, Berk Merchant & Sims PLC, Coral Gables, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon the Defendant's Motion for Summary Judgment(DE 3). The Court has reviewed the Motion and is otherwise fully informed of the premises, and finds that the Motion is due to be Granted.

The following facts are not disputed. On October 3, 2007, Plaintiff, Mizner Tower Condominium Association, Inc. (the "Association"), filed a one-count complaint (the "Complaint") seeking a declaration that a policy of insurance it had purchased from Defendant QBE Insurance Company ("QBE") is valid and enforceable. Specifically, QBE issued a commercial residential policy of insurance[1] to the Association. Continuation of coverage was made dependant upon the Associations completion of certain loss prevention conditions. QBE sent the following to the Association:

> Enclosed is the ... policy for the period of 02/03/07 to 02/03/08. As you are aware this policy was issued based upon a representation by you that certain loss prevention conditions would be completed before June 1, 2007 ....

> Shortly after you receive this policy you will be receiving a formal Notice of Cancellation for this policy which will terminate the policy effective June 1, 2007.

> The reason for the cancellation that will be included on the notice will be for failure to comply with an underwriting

---

1. Policy number QF3528–05.

requirement. This notice of Cancellation will rescinded and the policy will remain in force as long as we are notified in writing by you prior to June 1, 2007 that the installation of the loss prevention items has been completed.

On May 30, 2007, the Association provided QBE with notification that the required loss prevention installation had been satisfactorily completed. However, on August 31, 2007 the Association notified QBE that it had recently learned that seven of the condominium's shutters might not be compliant with QBE's underwriting requirements, and so the Association sent QBE a letter reflecting this and requesting that QBE come and inspect the subject shutters and make a determination as to whether or not the QBE policy would still be valid. On September 10, 2007 QBE responded that as coverage had been conditioned upon the Association's representation that the loss prevention conditions had been satisfactorily completed, "the Association's coverage could be jeopardized due to a material misrepresentation."

On September 13, 2007, the Association requested that QBE immediately inform it as to whether or not the policy still provided it with hurricane coverage. The Association requested an answer by September 17, 2007 and informed QBE that if QBE did not provide them with an answer by that date, then the Association would file an action for declaratory judgment. QBE did not respond by the September 17 date. On September 26, 2007 the Association sent another request as to QBE's position regarding the enforceability of the policy. The Association filed the instant suit on October 3, 2007 and on October 11, 2007 QBE sent the following communication to the Association:

We have reviewed the [relevant] information contained in your letter of September 13, 2007. Based upon the information that there are only seven units whose shutters are not in compliance with the 1994 code requirement, the company is able to confirm that hurricane coverage will remain in full force and effect for the remainder of the current policy period.

On October 29, 2007 QBE filed the instant Motion to Dismiss or Alternate Motion for Summary Judgment. Both Parties have provided the Court with evidence beyond the Complaint and the disputed insurance contract. Accordingly, as I am considering matters outside of the Complaint, a motion to dismiss is inappropriate, and this matter is more appropriately viewed as a motion for summary judgment.

It is well established that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," FED. R. CIV. P. 56(c). A material fact is one that might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof t trial, summary judgment is warranted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hilburn v. Murata Elecs. North Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir.1999). Thus, the task is to determine whether, considering the evidence in the light most favorable to the non-moving party, there is evidence on which the trier of fact could reasonably find a verdict in her favor. *See Liberty Lobby*, 477 U.S. at 251, 106 S.Ct. 2505; *Hilburn*, 181 F.3d at 1225; *Allen v.*

*Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997).

It is undisputed that in this action the Association is seeking a judicial determination that its policy of insurance is valid and enforceable. It is also undisputed that QBE has provided the Association with written confirmation that its policy of insurance is valid and enforceable. There are no issues remaining which require judicial determination. Therefore, QBE is entitled to summary judgment. The Association asserts otherwise. It asserts that QBE's confirmation of coverage, having occurred after the filing of the instant action, is the equivalent of a consent judgment, and so it is entitled to its costs and fees pursuant to Section 627.428 of the Florida Statutes which provides, in pertinent part, that:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named ... insured ... or beneficiary under a policy ... executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which the recovery is had.

Specifically, the Association claims that QBE's confirmation, having come after the filing of the instant suit, operates as a confession of judgment, therefore entitling it to a suit under the above Section.

First I note that whether or not the Association is entitled to attorney's fees under this Section has nothing whatsoever to do with whether or not QBE has established that it is entitled to summary judgment on the declaratory judgment claim. Additionally, the Policy behind Florida's bad-faith law is to promote the prompt resolution and payment of valid insurance benefit claims. The Court is unaware of,

and the Association has not provided any, legal basis for awarding fees pursuant to the above Section in a case where a judgment does not result in payment of wrongfully denied benefits. The Association seeks to apply this Section to any claim between an insured and an insurance company where the insurer prevails regardless of whether or not an insurer has wrongfully withheld payment of a valid claim for benefits. I decline to extend this Section's reach so far. Accordingly, it is

ORDERED and ADJUDGED that the Motion be, and is hereby GRANTED. There is no relief which the Court may grant to the Plaintiff, and so this CASE is DISMISSED as MOOT.