[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14464
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-04878-CV-2-JHH

BENJAMIN THOMAS,

Plaintiff-Appellant,

versus

CVS/PHARMACY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 9, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Benjamin Thomas, an African American man over 40 years of age, appeals

from the district court's grant of summary judgment in favor of his employer, CVS/Pharmacy (CVS), in his discrimination and retaliation suit under 42 U.S.C. § 1981 and the Alabama Age Discrimination in Employment Act (AADEA), Ala. Code §§ 25-1-20 to -29. Thomas argues that he sufficiently demonstrated that CVS's legitimate, nondiscriminatory reasons for failing to promote him to store manager were pretextual. In addition, he argues that he demonstrated a causal connection between the filing of his EEOC charge and CVS's next failure to promote him three and a half months later.

I.

We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Summary judgment will be granted if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Sierminski, 216 F.3d at 949. "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. 'It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.'" Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct.

2

2505, 2510, 91 L.Ed.2d 202 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252, 106 S.Ct. at 2512.

Section 1981 has "the same requirements of proof and use[s] the same analytical framework" as Title VII. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998). The AADEA uses the same evidentiary framework as the federal Age Discrimination in Employment Act, Robinson v. Ala. Cent. Credit Union, 964 So.2d 1225, 1228 (Ala. 2007), which also mirrors the framework of Title VII, see Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). A Title VII claim based on circumstantial evidence is analyzed according to the McDonnell Douglas framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973). The plaintiff bears the initial burden of establishing a prima facie case of discrimination. Id. at 802, 93 S.Ct. at 1824. If the plaintiff meets that burden, the defendant employer must articulate a legitimate, nondiscriminatory reason for the allegedly discriminatory employment action. Id. The plaintiff then bears the burden of persuading the factfinder that the employer's asserted reason was pretext for discrimination. Id. at 804, 93 S.Ct. at 1825. To survive summary

3

judgment, the plaintiff need only show that a genuine issue of material fact in dispute could lead a rational trier of fact to make a finding of pretext. Chapman, 229 F.3d at 1024-25.

To demonstrate pretext, the plaintiff may not simply "recast an employer's proffered nondiscriminatory reason[] or substitute his business judgment for that of the employer." Id. at 1030. Instead, he must "meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Id. The plaintiff must be able to show both that the employer's proffered reason was false and that the true motive for the action was discriminatory. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993). We do not act "as a super-personnel department that reexamines an entity's business decisions"; rather, we limit our inquiry to "whether the employer gave an honest explanation of its behavior." Id. (quoting Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991)).

Upon careful review of the record and consideration of the parties' briefs, we find that even if Thomas could establish a prima facie case of discrimination, the district court did not commit reversible error in concluding that he could not establish pretext.

4

CVS articulated legitimate, nondiscriminatory reasons for each of the promotion decisions at issue, which amounted to a determination that each of the other employees had some combination of prior management experience, proven communication and leadership skills, recommendations by supervisors, a lack of negative performance evaluations, and superior interview performance. Thomas does not contend that he had greater skills and experience, stronger recommendations, or better evaluations than any of the other employees, nor does he argue that he did not deserve the "needs improvement" evaluation in his file. Instead, he argues that he was employed by CVS for a longer period of time than any of the promoted employees and that he alone was required to finish the company training procedures before being promoted. All of his additional arguments are based only on misstatements of the record or on his affidavit that was stricken from the record by the district court. Thomas has failed to meet CVS's reasoning head on and rebut it, and he asks us to reexamine CVS's business decision to rely on factors other than tenure with the company in awarding promotions. We cannot conclude that the district court's comprehensive opinion in this case is in error. Accordingly, assuming arguendo that he could satisfy his prima facie burden, Thomas has failed to demonstrate a legitimate issue of material fact in dispute regarding pretext.

5

II.

As with substantive discrimination claims, a retaliation claim based on circumstantial evidence is analyzed according to the McDonnell Douglas framework. See McDonnell Douglas, 411 U.S. at 802-04, 93 S.Ct. at 1824-25; Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1336 (11th Cir. 1999) (applying McDonnell Douglas-type analysis to retaliation claims). The plaintiff bears the initial burden of establishing a prima facie case of retaliation, which he may do by demonstrating that (1) he engaged in statutorily protected activity, (2) he suffered a materially adverse employment action, and (3) there is a causal connection between the two events. Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997) (per curiam).

The causation element is to be construed broadly, so that the plaintiff need only prove that the protected activity and the adverse action are not completely unrelated. Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998). A plaintiff may satisfy this element by providing sufficient evidence that the employer knew about the protected activity and that there was close temporal proximity between the protected activity and the materially adverse action. Farley, 197 F.3d at 1337. "[M]ere temporal proximity" must be "very close." Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004) (quoting Clark County Sch. Dist. v.

6

Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001)). "By itself, [a] three month period . . . does not allow a reasonable inference of a causal relation between the protected expression and the adverse action." Id. at 1221.

An adverse employment action is deemed to have occurred when the employer made the final decision and communicated it to the employee. Del. State Coll. v. Ricks, 449 U.S. 250, 258, 261-62, 101 S.Ct. 498, 504, 506, 66 L.Ed.2d 431 (1980).

Three and a half months passed between the filing of Thomas's EEOC charge and the December promotion decision. Thomas's argument that the time period should be measured from the date that the interview process began, rather than the date of the decision, is unavailing. Three and a half months is too long a delay to support a causation finding absent other evidence of retaliatory intent, and despite Thomas's assertion that he has other evidence, he points to none that finds support in the record other than his district manager's disappointment with one of his interview responses and the fact that the district manager had never before conducted formal interviews for store manager positions. Thus, Thomas has provided no evidence of a causal link between the EEOC filing and the promotion decision.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**