[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10709

Non-Argument Calendar

_____

BELINDA MANN,

Plaintiff-Appellant,

*versus*

KOCH FOODS OF ASHLAND LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:22-cv-01246-CLM

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Belinda Mann appeals the district court's order granting summary judgment to her employer, Koch Foods of Ashland LLC, on her claim of racial discrimination under Title VII of the Civil Rights Act of 1964.  The district court concluded that Ms. Mann failed to offer evidence that would allow a reasonable juror to conclude that Koch considered her race in making the decision to demote her.

On appeal Ms. Mann asserts that she established a prima facie case of racial discrimination by identifying a similarly situated comparator and that she was alternatively able to present a "convincing mosaic" of evidence in support of her claim.  Following a review of the record and the parties' briefs, we affirm.

**I**

We begin with a short description of the factual and procedural background.

**A**

Ms. Mann, a black woman, worked at Koch as a supervisor assistant in the second processing department. During the course of her approximately 35-year employment with Koch, she received several disciplinary infractions.  In April of 2019, she received a disciplinary notification for screaming at her supervisor.  Then, in March of 2019, she received another disciplinary notification for

failing to bring her identification badge to work. In June of 2020, Amber Sanchez, a Koch employee, formally complained to human resources about Ms. Mann's unprofessional behavior. Ms. Sanchez stated that Ms. Mann berated her and waved her finger in front of her face. Finally, in April of 2021, Ms. Mann had a verbal altercation with Sequonte Burdette, a Koch employee she was responsible for supervising. This conflict was identified by Koch as the catalyst for Ms. Mann's demotion, so we describe it in detail.

During the week of April 5, 2021, Ms. Mann reported Mr. Burdette for engaging in roughhousing on the production line. Ten days later, Mr. Burdette filed a complaint with human resources against Ms. Mann, claiming her report against him was false. Mr. Burdette confronted Ms. Mann about this dispute while she was holding a meeting, and a verbal confrontation ensued. During the confrontation Ms. Mann verbally targeted Mr. Burdette with multiple personal insults while also using prohibited, profane language. The personal insults and the profane language used by Ms. Mann during the confrontation were forbidden by Koch's policies for employee behavior at the time of the confrontation.

Following the altercation, Ms. Mann met with a plant manager and a human resources manager to address her behavior during the confrontation. At this meeting, the managers informed Ms. Mann that Koch was demoting her from her position as supervisor assistant. They explained that her behavior during the verbal confrontation with Mr. Burdette, combined with her existing

disciplinary record, formed the basis for Koch's reason to demote her. Ms. Mann was then transferred to a new department within Koch.

After a later physical fight between two white sisters and Koch employees, Gina Morris and Tina Morris, Ms. Mann alleged racial discrimination on the part of Koch. Ms. Mann stated that she saw Gina at her locker speaking with Tina about Gina potentially quitting her job with Koch, when Gina suddenly began punching and hitting Tina. As Gina continued her aggression, Tina put her into a headlock as a method of defending herself from the physical attack. While in the headlock, Gina continued attacking and managed to pull down Tina's pants. Ms. Mann said that during the fight she heard Tina use inappropriate language and personal insults targeted at Gina. Gina was fired by Koch in the wake of this attack, while Tina kept her position as supervisor assistant. Tina had no disciplinary record with Koch prior to being physically attacked by Gina.

**B**

Ms. Mann alleged that Koch engaged in racial discrimination in violation of Title VII by demoting her. The district court granted summary judgment in favor of Koch because it reasoned that, despite the language used by Tina while she was being attacked by Gina, Ms. Mann had not established that she was similarly situated to Tina in all material respects. The court noted that Tina, unlike Ms. Mann, was acting in self-defense during a physical attack. In

addition, Tina had no disciplinary history with Koch. In contrast, Ms. Mann had multiple disciplinary notices.

Ms. Mann contends that Tina is a similarly situated comparator because she too used foul language targeted at another Koch employee she was supervising. Additionally, she asserts that Tina was in a relationship with another Koch employee in violation of Koch's fraternization policy. For these reasons, Ms. Mann argues she presented sufficient evidence to establish a genuine issue of material fact with respect to whether Koch discriminated against her based on her race.

## II

We review a "district court's grant of summary judgment *de novo*, applying the same legal standards applied by the district court." *Valley Drug Co. v. Geneva Pharms., Inc.*, 344 F.3d 1294, 1303 (11th Cir. 2003). We must view the summary judgment record in the light most favorable to the non-moving party and draw all reasonable facts and inferences in their favor. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Summary judgment is appropriate only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See Signor v. Safeco Ins. Co. of Illinois*, 72 F.4th 1223, 1227 (11th Cir. 2023). We will not make credibility determinations at the summary judgment stage, and if there are discrepancies between facts the parties offer, we "must credit the non-movant's version." *Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1350-51 (11th Cir. 2022) (quotation marks omitted and alterations adopted).

### III

Ms. Mann argues on appeal that the district court erred by concluding that she had not sufficiently established Ms. Morris as a comparator. We analyze this under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). She also contends that she alternatively advanced sufficient evidence to establish a "convincing mosaic" of racial discrimination that precludes summary judgment against her. *See Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1310 (11th Cir. 2023). We disagree with respect to both arguments.

### A

The first step in analyzing the *McDonnell Douglas* framework is establishing a prima facie case of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. A plaintiff does this by establishing that she (1) belongs to a protected class, (2) was subjected to an adverse employment action, (3) was qualified to perform the job in question, and (4) was treated differently by her employer compared to "similarly situated employees outside [her] class[.]" *Lewis v. City of Union City*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (en banc). The parties' dispute is confined to whether Tina was similarly situated to Ms. Mann.

In order to identify a proper comparator, a Title VII plaintiff must point to someone who is "similarly situated in all material respects." *Id.* at 1224. The factors we use to determine whether a Title VII plaintiff and a purported comparator are similarly situated are whether the comparator (1) "engaged in the same basic conduct

(or misconduct) as the plaintiff;" (2) was "subject to the same employment policy, guideline, or rule as the plaintiff;" (3) was "under the jurisdiction of the same supervisor as the plaintiff;" and (4) shared "the plaintiff's employment or disciplinary history." *Id.* at 1227.  A plaintiff does not have to prove that she and her comparator are identical. *See Id*.  But a plaintiff can fail to establish a proper comparator when the circumstances surrounding the proposed comparator's conduct are not the same or substantially similar to those surrounding her own conduct. *See Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022).  We focus our analysis on the first and fourth factors.

The district court correctly determined that Ms. Mann was not similarly situated in "all material respects" to Tina. *See Lewis*, 918 F.3d at 1227-28.  Tina's conduct, for example, was materially different from Ms. Mann's conduct. Ms. Mann claims that she and Tina engaged in similar behavior because they both used foul language targeted at another Koch employee.  Although Tina and Ms. Mann engaged in this same specific behavior, i.e., the use of prohibited language, the circumstances surrounding their respective outbursts were substantially different.

Ms. Mann became verbally aggressive and initiated the cursing and personal insults targeted at Mr. Burdette during a discussion of an issue related directly to her supervisory responsibilities. The conflict between Tina and her sister escalated into violence by Gina after a personal disagreement about whether Gina would quit her job.  Tina's physical actions and language were a method of

self-defense and were in response to the physical attack. Ms. Mann, in contrast, was not under physical attack when she bad-mouthed Ms. Burdette, an employee she supervised. Based on this critical difference, Koch had a valid basis for treating Tina differently than Ms. Mann.

Moreover, Ms. Mann and Tina did not share a similar disciplinary history. We determined in *Berry* that a plaintiff will fail to establish a comparator as similarly situated if she has a significantly different disciplinary history. In that case, the plaintiff offered two employees as comparators, but both had strikingly less extensive disciplinary histories. *See* 84 F.4th at 1312. Ms. Mann received several prior disciplinary notices over the course of her employment with Koch while Tina did not. Moreover, Ms. Mann's disciplinary record relates predominantly to the same kind of unprofessional behavior with respect to subordinates that she exhibited towards Mr. Burdette.

Ms. Mann also says that Tina had a romantic relationship with another employee. Ms. Mann, however, has not alleged that Tina received any disciplinary notice or reprimand from Koch for this relationship.

In sum, the record in this case, even fully crediting Ms. Mann's evidence, reflects that Ms. Mann used prohibited language during a work-related discussion with a subordinate and had a record of multiple reports of inappropriate behavior targeted at Koch employees, while Ms. Morris used prohibited language after being attacked and had no disciplinary record with Koch. These

substantial differences are fatal to Ms. Mann's ability to establish a prima facie case. *See Berry*, 84 F.4th at 1312.

## B

A plaintiff may also prove racial discrimination by providing a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *McCreight v. AuburnBank*, 117 F.4th 1322, 1335 (11th Cir. 2024). To establish a "convincing mosaic," a plaintiff must generally point to evidence demonstrating (1) that there was "suspicious timing, ambiguous statements," or other information from which discriminatory intent can be inferred, (2) that there was "systemically better treatment of similarly situated employees," and (3) that the employer's justification is pretextual. *Jenkins*, 26 F.4th at 1250. If circumstantial evidence "raises a reasonable inference that the employer discriminated against the plaintiff, summary judgment is improper." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). The "convincing mosaic" standard is "a particularly useful point for employees with significant evidence of illegal discrimination who lack the comparator evidence often required to set out a case under *McDonnell Douglas*." *McCreight*, 117 F.4th at 1335.

To establish a convincing mosaic of circumstantial evidence sufficient to withstand summary judgment, Ms. Mann needed to provide enough evidence for a reasonable factfinder to infer intentional discrimination. *See Berry*, 84 F.4th at 1310. The district court correctly determined that Ms. Mann failed to do so.

In her "convincing mosaic" argument, Ms. Mann continues to point to the fight between Tina and Gina and Tina's favorable treatment.  Yet, as we have explained, Ms. Mann was never in a physical fight with Mr. Burdette, much less a fight that Mr. Burdette started.  Because the circumstances of their respective altercations are sufficiently different, the subsequent different treatment by Koch could not provide a reasonable factfinder with enough evidence to infer intentional discrimination. *See Berry*, 84 F.4th at 1310.

Ms. Mann also alleges that Tina violated Koch's fraternization policy.  That violation, however, was not reprimanded by Koch nor was it related or similar to the behavior for which Ms. Mann was reprimanded.

Considering Ms. Mann's failure to establish a single similarly situated comparator, a factfinder could not reasonably infer "systemically better treatment" of other Koch employees. *See Jenkins*, 26 F.4th at 1250.  As a result, Ms. Mann's "convincing mosaic" argument also fails.

## IV

The district court's summary judgment order is affirmed.

**AFFIRMED.**