**PRISON LEGAL NEWS, Plaintiff,**

v.

**The GEO GROUP, INC., a Florida corporation; Corrections Corporation of America, a Tennessee corporation registered in and doing business in the State of Florida; and Kenneth Tucker, in his official capacity as Secretary of the Florida Department of Corrections, Defendants.**

**Case No. 4:12–cv–239–MW/CAS.**

United States District Court,
N.D. Florida,
Tallahassee Division.

Feb. 6, 2013.

Dante P. Trevisani, Randall C. Berg, Jr., Florida Justice Institute, Inc., Miami, FL, Randall C. Marshall, ACLU of Florida, Miami, FL, Lance Theodore Weber, West Brattleboro, VT, for Plaintiff.

Lance Eric Neff, Susan Adams Maher, Cedell Ian Garland, Florida Sheriff's Risk Management Fund, Gwendolyn Palmer Adkins, Scott J. Seagle, Coppins Monroe Adkins etc PA, Tallahassee, FL, John Allen Schifino, Robert M. Stoler, Mary Bonanno Thomas, Williams Schifino Mangione etc, Tampa, FL, Brett Michael Waronicki, Wiederhold & Moses PA, West Palm Beach, FL, for Defendants.

## ORDER DENYING DEFENDANT TUCKER'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MARK E. WALKER, District Judge.

This is a First Amendment and procedural due process case brought under 42 U.S.C. § 1983.

Plaintiff Prison Legal News ("PLN") filed its First Amended Complaint ("Complaint") against Defendants Kenneth S. Tucker, in his official capacity as Secretary of the Florida Department of Corrections, ("FDOC") and two private corporations operating state correctional facilities. ECF No. 14. Pursuant to a settlement agreement, the private corporations have been dismissed from the case, ECF No. 117, and the FDOC stands as the lone remaining defendant.

PLN is the publisher of a monthly journal called *Prison Legal News* which is comprised of writings from legal scholars, attorneys, inmates, and news wire services. ECF No. 14, ¶¶ 10, 17, 20. *Prison Legal News* is distributed to subscribers some of which are inmates in Florida correctional facilities. ECF No. 14, ¶ 20.

The FDOC regulates the publications received by inmates pursuant to Rule § 33–501.401 of the Florida Administrative Code which is titled and referred to throughout the pleadings as the "Admissible Reading Material" rule. Rule § 33–501.401(3)(*l*) prohibits publications where advertisements for three-way calling services, pen pal services, the purchase of products or services with postage stamps,

or the conducting of a business or profession while incarcerated are "the focus of, rather than being incidental to, the publication or the advertisement is prominent or prevalent throughout the publication."

Beginning in 2009, the FDOC began impounding and rejecting issues of *Prison Legal News* because of their advertisements pursuant to Rule § 35–501.401(3)(*l*). ECF No. 14, ¶ 30. PLN has alleged in Count III of the Complaint that Rule § 35–501.401(3)(*l*), as applied to the instant facts, unconstitutionally violates PLN's rights under the First and Fourteenth Amendments because its application bears no rational connection to any legitimate penological interest. ECF No. 14, ¶¶ 31, 43; ECF No. 93, ¶ 7. PLN has alleged in Count VI of the Complaint that the FDOC is violating its procedural due process rights under the Fifth and Fourteenth Amendments by failing to provide it adequate notice and an opportunity to be heard when *Prison Legal News* is impounded or rejected. ECF No. 14, ¶¶ 29, 55; ECF No. 93, ¶¶ 11, 12.

The FDOC filed Defendant Tucker's Motion for Partial Summary Judgment ("Motion") directed at Counts III and VI of the Complaint. ECF No. 93. In response, PLN filed Plaintiff's Response to Defendant Crews' Motion for Partial Summary Judgment ("Response"). ECF No. 120. The Motion is denied.

### Summary Judgment

Summary judgment tests the parties' abilities to support their claims or defenses at trial, and a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material facts." Fed.R.Civ.P. 56(a). The moving party bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In deciding whether the movant has met this burden[,] the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial," and summary judgment should be entered. *Id.* (internal citations and quotations omitted). Alternatively, if there is a genuine dispute as to a material fact or "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Id.* (internal citations and quotations omitted).

### Res Judicata as to Count VI of the Complaint

"Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding [based upon] legal theories and claims arising out of the same operative nucleus of facts." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375–76 (11th Cir.2011) (internal citations and quotations omitted). Because "the parties frame the scope of litigation at the time the complaint is filed[,] a judgment is only conclusive regarding the matters that the parties might have litigated at that time. . . ." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1240 (11th Cir. 1999) (internal citations and quotations omitted). Rights or actions acquired after the filing of the complaint, even if during the pendency of the action, are not barred by res judicata. *Id.*

> For res judicata to bar a subsequent case, four elements must be present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

*Maldonado,* 664 F.3d at 1375 (internal citations and quotations omitted). The asserting party bears the burden of showing that all four elements are satisfied. *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir.2001).

█ The FDOC's argument that Count VI of the Complaint is barred by res judicata is unsupported by fact and law. The prior litigation relied upon by the FDOC is *Prison Legal News v. James V. Crosby,* Case No. 3:04–cv–14 (M.D.Fla. July 28, 2005) ("2005 Case"). In the 2005 Case, PLN sued the FDOC for violations of the First Amendment and procedural due process. ECF No. 93, Ex. B, p. 2. The parties do not dispute that the Middle District of Florida is a court of competent jurisdiction or that the identical parties were involved in both litigations satisfying elements two and three.

However, the FDOC has failed to establish elements one and four. As to element one, after a defendant has filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, [and u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R.Civ.P. 41(a)(2). In the 2005 Case, the court's order stated that "[a]t the start of the bench trial, ... counsel for PLN explicitly abandoned the magazine's due process claim. Therefore, this claim is hereby dismissed and will not be addressed further by the Court." ECF No. 93, Ex. B, p. 2 (internal citations omitted). The order did not dismiss the claim with prejudice, and accordingly, there is no judgment on the merits with regard to PLN's procedural due process claim in the 2005 Case.

Similarly, element four is not satisfied because the claims in the 2005 Case and the claims in the instant litigation are not the same cause of action arising from the same facts. In the 2005 Case, PLN brought similar claims for violations of the First Amendment and procedural due process, but the adequacy of notice and an opportunity to be heard were not addressed because there was no evidence that *Prison Legal News* was ever actually rejected due to the advertisement content at issue in the case. ECF No. 93, Ex. B, pp. 2, 9. The court recognized that *Prison Legal News* had been impounded on occasion but stated that "on those isolated incidents where an issue of PLN ha[d] been impounded due to advertising content, the procedure provide[d] for review by the Literature Review Committee, which ha[d] ultimately determined that the magazine should not be rejected based on incidental advertising." ECF No. 93, Ex. B, p. 12.

In the instant case, Count VI of the Complaint is based on the repeated impoundment and rejection of *Prison Legal News* occurring in and after 2009 and the adequacy of the notice and opportunity to be heard regarding these specific incidences. ECF No. 14, ¶¶ 30, 55. The claims in the 2005 Case and this litigation cannot arise from the same nucleus of fact because the factual predicate for Count VI did not exist when the 2005 Case was filed. Therefore, res judicata does not apply.

*Collateral Estoppel as to Count III of the Complaint*

█ The FDOC's argument that PLN is barred by res judicata from challenging the first prong of the *Turner* test is likewise unsupported by fact and law. *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) set forth the now well-established four prong test for evaluating the constitutionality of prison regulations. At issue in this Motion is the first prong which requires that there be a "valid, rational connection between the prison regulation and the legitimate penological interest put forward to justify it." *Id.* (internal citations and quotations omitted).

*Accord Perry v. Secretary, Fla. Dep't of Corrections,* 664 F.3d 1359, 1364–65 (11th Cir.2011) (reciting and applying the *Turner* test); *see also Overton v. Bazzetta,* 539 U.S. 126, 132, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003) ("The burden ... is not on the State to prove the validity of prison regulations, but on the prisoner to disprove it.").

Although res judicata is generally presumed to refer to claim preclusion as discussed above, the term collectively includes both claim and issue preclusion. *Taylor v. Sturgell,* 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). However, the analyses for each differ. Issue preclusion, more frequently referred to as collateral estoppel, requires among other things that "the issue was actually litigated in the prior suit [and that] the determination of the issue in the prior litigation *was a critical and necessary part of the judgment in that action.*" *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC,* 702 F.3d 1312, 1318 (11th Cir.2012) (citing *CSX Transp. v. Brotherhood of Maintenance of Way Employees,* 327 F.3d 1309, 1317 (11th Cir.2003) (emphasis added)).

The FDOC again looks to the 2005 Case and the Eleventh Circuit opinion affirming the district court in the 2005 Case, *Prison Legal News v. McDonough,* 200 Fed.Appx. 873 (11th Cir.2006), as the prior litigation for its collateral estoppel argument. While the 2005 Case found penological interests existed for regulating advertisements for three-way calling services, pen pal services, the purchase of products or services with postage stamps, or the conducting of a business or profession while incarcerated, ECF No. 93, Ex. B, pp. 13, 16, 21, these finding were not necessary to the court's holding. The court's stated basis for its decision denying relief to PLN was that no evidence was presented that PLN suffered any injury under the First Amendment and that the policies and procedures currently in place did not provide for the impoundment or rejection of *Prison Legal News* based on the advertising content at issue. ECF No. 93, Ex. B, pp. 21–22. On appeal, the Eleventh Circuit affirmed by finding that PLN's argument was moot. *McDonough,* 200 Fed.Appx. at 878. Therefore, although the court previously recognized such penological interests, collateral estoppel is not appropriate under these facts.

For these reasons,

IT IS ORDERED:

Defendant Tucker's Motion for Partial Summary Judgment, ECF No. 93, is hereby **DENIED**.