[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14221
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00694-WS-M


LARRY ROY,

                                                    Plaintiff - Appellant,

versus

CORRECTIONAL MEDICAL SERVICES, INC.,
DR. TESSEMMA, et al.,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 20, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Larry Roy, an Alabama prisoner proceeding pro se, sued Correctional Medical Services and various named defendants (collectively, CMS) alleging cruel and unusual punishment in violation of the Eighth Amendment.  Roy's complaints stem from CMS's alleged failure to properly treat various serious medical conditions, including an enlarged prostate, a distended bladder, urethral strictures and other urinary issues.  In addition to compensatory and punitive damages, Roy requested temporary injunctive relief to prevent CMS from retaliating against him while his lawsuit was pending.  Over Roy's objections, the district court granted summary judgment to CMS on Roy's Eighth Amendment claims, and denied his request for injunctive relief as moot.  This appeal followed.

## I.    BACKGROUND AND PROCEDURAL HISTORY

In October 2009, while incarcerated at Holman Correctional Facility (Holman), Roy was seen by Dr. Negash Tesemma, Holman's Medical Director and a named defendant, for a routine semi-annual physical exam.  Laboratory tests ordered as a result of this exam indicated an elevated PSA, suggesting the possibility of prostate cancer.  Dr. Tesemma referred Roy to an off-campus urologist, Dr. Alfred Newman, who examined Roy on November 4, 2009.  Dr. Newman determined that Roy suffered from an enlarged prostate, but not prostate cancer, and prescribed two medications as treatment.

2

A little less than five weeks later, on December 8, Roy requested follow-up medical treatment from CMS, complaining of "severe stomach problems, fever and [frequent] trips to bathroom to defecate[, e]xtreme nausea, dizziness, severe headaches, difficulty breathing, shortness of breath, [and] lightheadedness." Roy further indicated that he suspected that his condition was the result of an allergy to the medications prescribed by Dr. Newman.

The record indicates that Roy's December 8 appointment was the first time that CMS learned of his worsening medical condition. The record is clear, however, that it was by no means the last. In the four and a half years since, Roy's deteriorating condition has resulted in diagnoses of various serious and painful medical conditions, including an enlarged prostate, a distended bladder, frequent urethral strictures and bladder outlet obstructions, Giardiasis, and urinary tract infections. These conditions required surgical intervention to insert a catheter into Roy's penis so that he could void urine. Indeed, CMS acknowledges that "[m]ost of [Roy's] complaints arose from urinary issues during his incarceration which resulted in his continual reliance upon a catheter." CMS also concedes that Dr. Newman instructed CMS staff in February 2011 to "change [Roy's] catheter every four weeks in the prison clinic."

In December 2011, Roy sued CMS under 42 U.S.C. § 1983 alleging "deliberate indifference to his serious medical needs" in violation of the Eighth

3

Amendment's prohibition of cruel and unusual punishment.  Specifically, Roy's pro se complaint made out two claims: first, that CMS exhibited "deliberate indifference to his serious medical needs . . . by ignoring and not treating for 47 days the severely allergic reaction and adverse side-effects" caused by the medications prescribed on November 4, 2009; and, second, that CMS further exhibited "deliberate indifference to his serious medical needs . . . by additional acts of negligence, and gross and malicious incompetence" related to his catheter treatments.  Roy also requested a temporary injunction to prevent CMS "from taking any action, and/or declining to take proper medical treatment in retaliation for the filing of [his] suit."

In response to Roy's complaint, CMS filed an answer and a special report denying Roy's allegations and asserting various defenses.  The district court treated these filings as a motion for summary judgment.  Roy responded in objection to CMS's construed motion for summary judgment, supplementing the record with additional evidence that on at least one occasion—from January to May 2012—he was forced to go nearly fifteen weeks without having his catheter changed, despite CMS's knowledge of his serious medical condition and Dr. Newman's express instructions to the contrary.  Without discussing this evidence, the district court granted summary judgment to CMS on each of Roy's claims, and

4

dismissed his complaint with prejudice.  The district court further denied Roy's

request for a preliminary injunction as moot.

## II.    DISCUSSION

"We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1242–43 (11th Cir. 2003). Summary judgment is appropriate if the evidence establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant . . . ." McCormick, 333 F.3d at 1243. However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986).

"[A] prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks and alterations omitted). "However, not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (quotation marks omitted). Rather,

> [t]o show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a

6

subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need.

Farrow, 320 F.3d at 1243 (citations omitted).

Our de novo review satisfies us that the district court properly granted summary judgment on Roy's claim that CMS exhibited deliberate indifference by failing to treat his alleged allergic reaction for forty-seven days following his appointment with Dr. Newman in November 2009. Although Roy claims that he frequently complained to Holman medical staff regarding his deteriorating condition during this time, the record before us reflects that he only made his first complaint on December 8, thirty-four days after his visit to Dr. Newman. Roy was evaluated by CMS staff that same day, and received medication for his symptoms. After that, CMS staff evaluated Roy three times in the next nine days. On this record, we are not persuaded that CMS's initial response to Roy's deteriorating medical condition exhibited deliberate indifference to a serious medical need. See Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

We do not agree, however, that the district court properly granted summary judgment on Roy's claim that CMS exhibited deliberate indifference to his medical

7

needs in failing to provide proper medical treatment in the years since 2009. The district court assumed that Roy had satisfied the first prong of the test for deliberate indifference; that is, that he "has endured an objectively serious medical need." CMS does not contest this assumption on appeal, nor could it given the various diagnoses discussed above. The medical evidence in the record is more than sufficient to establish that Roy suffers from an "an objectively serious medical need." Farrow, 320 F.3d at 1243.

Further, Roy has produced sufficient evidence to create a genuine dispute regarding whether "[a] prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Id. On this point, we are particularly alarmed by Roy's unrebutted evidence that despite his dependence on a catheter and Dr. Newman's directive that his catheter be changed every four weeks to prevent complications to his medical condition, Roy has gone up to fifteen weeks without having his catheter changed, most recently in early 2012. Indeed, CMS's own evidence—submitted in support of its motion for summary judgment—reflects that Roy has frequently suffered such delays.[1] Even more problematic, CMS staff dismissed Roy's complaints regarding these delays with statements such

---

[1] Although our review is, of course, limited to the record before the district court at the time it issued its order granting summary judgment, see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000) ("[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record."), we note with consternation Roy's complaints that he has suffered even longer delays between catheter changes since filing his appeal.

8

as: (1) "[t]he urologist we use only sees patients one day a month and we have a long list of people needing to see him"; and (2) "[i]t was not CMS's fault that your urethra closed.  As you have been told—the urologist sees inmates one day a month and there is [sic] a lot of people seeing him."

By its own admission, CMS was on notice as early as February 2011 that Roy required frequent catheter changes.  In granting CMS's motion for summary judgment on Roy's complaint regarding his ongoing medical care, the district court did not address the delays between Roy's catheter treatments, much less whether they worsened his medical condition, or were justified by medically sound reasons. See Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1189 (11th Cir. 1994) ("[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay."), overruled in part on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 n.9, 122 S. Ct. 2508, 2515 n.9 (2002).  During these delays, Roy was permitted to suffer from pain, bleeding, and bloating.  CMS has offered no reasonable medical explanation for these delays.  Thus, we conclude that an issue of fact is presented as to whether CMS's failure to regularly provide Roy with catheter treatment pursuant to Dr. Newman's orders displayed deliberate indifference to Roy's serious medical need.  See Farrow, 320 F.3d at 1248.

9

## III.    CONCLUSION

For these reasons, we affirm the district court's grant of summary judgment to CMS and the named defendants on Roy's claim that they displayed deliberate indifference in failing to provide him medical treatment in the forty-seven days following his initial visit to Dr. Newman.  However, we reverse and vacate the entry of summary judgment on Roy's claim that CMS and the named defendants have displayed deliberate indifference in failing to provide proper ongoing medical care since his initial deterioration.  Likewise, we reverse and vacate the district court's denial of Roy's request for temporary injunctive relief on mootness grounds.  Roy's case is remanded to the district court for further proceedings consistent with this opinion.

**AFFIRMED in part, REVERSED and VACATED in part.**