[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15153

_____

D.C. Docket No. 1:11-cv-00694-WS-M

LARRY ROY,

Plaintiff - Appellant,

versus

CORRECTIONAL MEDICAL SERVICES, INC.,
DR. JUDIT,
DR. PAMELA BARBER, et al.,

Defendants - Appellees,

DR. TESEMMA,
DR. HOWARD CAROL,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 21, 2016)

Before TJOFLAT and HULL, Circuit Judges, and BYRON,[*] District Judge.

HULL, Circuit Judge:

Larry Roy, an Alabama prisoner, appeals the district court's grant of summary judgment on his remaining 42 U.S.C. § 1983 deliberate-indifference claims. This is our second time reviewing a grant of summary judgment against Roy in this case. See Roy v. Corr. Med. Servs., Inc. ("Roy I"), 522 F. App'x 597 (11th Cir. 2013) (per curiam) (unpublished). In Roy I, we partially reversed the district court's grant of summary judgment and remanded for further proceedings. After our remand, the district court again granted summary judgment on all of Roy's claims against all six appellees-defendants.

After review and oral argument, we conclude that, on the record before us, there remain material issues of disputed fact as to the treatment of Roy's serious medical needs by Defendants Nurse Phillip Griffin, Nurse Rachel Carnley, and Dr. Danilo Judit on April 14, 2010 and by Defendant Dr. Pamela Barber from June 15, 2011 to and through October 19, 2011 that make the district court's grant of summary judgment inappropriate as to these defendants and these claims. Thus, we reverse and remand to the district court for trial as to only those defendants as

---

[*]Honorable Paul G. Byron, United States District Judge, for the Middle District of Florida, sitting by designation.

to only those limited dates.[1]  Viewing the evidence and drawing all reasonable inferences in the light most favorable to Roy, see Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997), we conclude that the evidence creates factual issues as to whether these above named defendants were deliberately indifferent to Roy's serious medical needs on the dates referenced above.

Except as to those named defendants on those dates, we affirm the district court's grant of summary judgment in full as to Defendants Nurse Sylvia Hicks and Correctional Medical Services, Inc. and as to Roy's claims against the above named defendants, Nurse Griffin, Nurse Carnley, Dr. Judit, and Dr. Barber, on dates other than those expressly referenced above.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED FOR A TRIAL.**

---

[1]The June to October 2011 delay was only one of several delays between catheter changes that Roy allegedly suffered.  For procedural reasons, though, this is the only delay-based claim we many now consider.

First, we may not now review two other periods of delay (in late 2010 and late 2011) because Roy raised them for the first time on appeal.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

Second, we may not review Roy's claim arising from an alleged five-month delay in 2012.  In the course of that delay, Roy stated that his catheter grew mold, caused a serious urinary tract infection, and ultimately deteriorated and fell out of his body.  But because Roy raised this claim in response to a motion for summary judgment without amending his complaint, it is not properly brought before us.  See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam).